31905. BROCKEN *v.* THE STATE.

Decided March 2, 1948.

*Stone & Stone,* for plaintiff in error.

*Phillip Sheffield, Solicitor,* contra.

TOWNSEND, J. (After stating the foregoing facts.) Section 26-5107 of the Code, under which the defendant was indicted, provides as follows: "Any person who shall intentionally point or aim a gun or pistol, whether loaded or unloaded, at another, not in a sham battle by the military, and not in self-defense or in defense of habitation, property, or person, or other instances standing upon like footing of reason and justice, shall be guilty of a misdemeanor."

The defendant knew that trouble with the prosecutor was imminent. Therefore he hurried away from the proximity of the prosecutor, and went home. Shortly after his arrival home a car containing four men drove up into his back yard. The man from whom he anticipated violence got out of the car and started walking toward his house. This man looked mad or nervous to one of the men in the car. He may have also so impressed the defendant. Just before he reached the porch the defendant committed the act of which he was convicted.

Under the facts as they existed and as the defendant understood them, he must have been in apprehension of danger. He

must have feared that the prosecutor intended to enter his habitation and do violence to him. That this fear was that of a reasonable man, under the facts and circumstances here, is inescapable. After the exchange of messages at the store, the defendant had hurried home, even to the point of abandoning his mule and catching a ride in an automobile. Upon arriving there, he prepared himself for the impending invasion of his habitation. When it came he was outnumbered four to one.

We are not called upon to decide whether or not the defendant would have been justified had he fired upon the prosecutor. It is enough to say that one who warns another to come no farther, as he stands upon the porch of his own home with a rifle in his hands, and, holding it at his hip, points it in the direction of the other, who, leaving a group of confederates stationed nearby, approaches the house with the manifest intention of doing violence to the occupant, is not guilty of the offense of unlawfully pointing a weapon at another, under the Code section herein quoted; and under the undisputed evidence a verdict of not guilty was demanded.

The judgment of the trial court, overruling the motion for new trial, was error.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*